IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | NO. 5:12-CV-459-CAR-MSH |
| | : | |
| VS. | : | |
| | : | |
| COMMISSIONER BRIAN OWENS, *et al.*, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants | | |

## ORDER & RECOMMENDATION

Plaintiff **WASEEM DAKER**, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Doc. 1). Currently pending before the Court are: (1) he Complaint (ECF No. 1) and a 14-page accompanying memorandum (ECF No. 1-1) which must be screened under 28 U.S.C. § 1915A; (2) an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2); (3) a motion (ECF No. 3) and a supplemental motion (ECF No. 8) for a Preliminary Injunction or Temporary Restraining Order ("TRO") compelling Defendants to provide him with access to a law library, Westlaw/Lexis, or other legal research materials; and (4) a motion to compel Defendants to allow him access to a photocopier to make copies of his legal documents (ECF No. 4).

Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to

1

proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).1 Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of GD&CP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v.***

---

1  A review of the United States PACER docket reports reveals that Plaintiff filed a number of mandamus petitions, which the Eleventh Circuit Court of Appeals dismissed as frivolous. ***See e.g., In re: Waseem Daker***, No. 12-12074 (May 24, 2012); ***In re: Waseem Daker***, No. 12073 (June 7, 2012); and ***In re: Waseem Daker***, No. 14369 (Nov. 7, 2012). Because the actions underlying the mandamus petitions were habeas, this Court has not counted such dismissals as "strikes" under 28 U.S.C. § 1915(g). Moreover, the Court found no other dismissals that might constitute "strikes." The Defendants may raise the issue of Plaintiff's entitlement to proceed *in forma pauperis* in their responsive pleadings. ***See also Daker v. Robinson***, 1:12-cv-118-RWS-ECS and ***Daker v. Dawes***, 1:12-cv-119-RWS-ECS (Doc. 11) (N.D. Ga. Sept. 27, 2012) (recommending dismissal of complaints due to Plaintiff's failure to pay filing fees).

*Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. §

1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  PRELIMINARY MOTIONS

As noted above, Plaintiff has filed two motions for a Preliminary Injunction or TRO and a motion to compel photocopying, which the Court will also construe as a motion for a Preliminary Injunction or TRO.  The standard for obtaining a TRO is identical to that for obtaining a preliminary injunction.  *See Windsor v. U.S.*, 379 F. App'x. 912, 916–17 (11th Cir. 2010).  Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

At this juncture, both the merits of Plaintiff's case and the prospect of his suffering irreparable injury are uncertain, because the essential facts have not been developed.  As to the prospect of Plaintiff suffering irreparable injury, he claims that immediate equitable relief is needed so that he may adequately represent himself in this case.  His filings dispel any such need.  Moreover, as noted below, the Court will serve Plaintiff's pleadings on the Defendants electronically, and thus he has no need for a photocopier in connection with

this lawsuit. Because Plaintiff has not satisfied either of the first two prerequisites for granting a preliminary injunction or a TRO, it is **RECOMMENDED** that Plaintiff's motions for the same be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

## III.   DISCUSSION

Plaintiff raises a number of claims arising out of his confinement in the Special Management Unit ("SMU") of GD&CP. He sues the following defendants: (1) Georgia Department of Corrections' ("GDOC") Commissioner Brian Owens; (2) John Doe, Director of Legal Office at GDOC; (3) GDOC; (4) GD&CP Warden Carl Humphrey; (5) Ms. [FNU] Bishop, Deputy Warden; (6) Unit Manager James McMillan; and (7) Law Librarian John Young.

Plaintiff was allegedly placed in SMU upon his arrival at GD&CP on October 3, 2012, notwithstanding his having no disciplinary issues. According to Plaintiff, he has been denied a classification hearing and periodic reviews associated with his confinement in SMU. Plaintiff alleges that he was placed in SMU in retaliation for his filing of lawsuits during a prior period of incarceration and to prevent Plaintiff from suing GD&CP defendants. Warden Humphrey allegedly told Plaintiff as much.

Plaintiff claims that his confinement in SMU has subjected him to atypical and significant hardships as compared with the general prison population. Specifically, he

alleges that he has been denied access to a law library, which he alleges is necessary to pursue challenges to his conviction, the ability to participate in religious services, visitation with family members, and access to a phone. Plaintiff alleges that each of the GD&CP personnel participated in one or more of the above actions. He additionally states that he wrote Commissioner Owens and the Doe Director of Legal Office at GDOC, but these Defendants took no action. Plaintiff further complains that these two GDOC officials froze his prison account to collect what they allege is a $1950 debt from his prior incarceration, without affording Plaintiff an opportunity to be heard on the matter.

Plaintiff seeks varying forms of damages and equitable relief against the various Defendants. Liberally construing Plaintiff's allegations in his favor, the Court concludes that he may have colorable First Amendment, Due Process, and RLUIPA claims against the various Defendants.[2] Accordingly, it is hereby **ORDERED** that service be made on the Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

---

2   Although Plaintiff's claims for damages against the GDOC would appear to be barred by the Supreme Court's decision in *Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011), he may have claims for injunctive relief against this Defendant. Moreover, Plaintiff would appear to have sufficiently identified the Doe GDOC official to allow service of process. *See Moulds v. Bullard*, 2009 WL 2488182 (11th Cir. Aug. 17, 2009).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each

Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 28th day of March, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE