THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:12-cv-459 (CAR) |
| v. | : | |
| | : | |
| BRIAN OWENS, et al., | : | |
| | : | |
| Defendants | : | |

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is United States Magistrate Judge Stephen Hyles's Recommendation [Doc. 14] to deny Plaintiff's three Motions for Preliminary Injunctions/TROs[1] [Docs. 3, 4, & 8]. Plaintiff has filed two Objections to the Recommendation [Docs. 23 & 38]. Thereafter, Defendant, in accordance with this Court's order, filed a response to Plaintiff's Objections [Doc. 52] to which Plaintiff filed a reply [Doc. 54]. Upon a *de novo* review of the Motions, the Recommendation, Plaintiff's Objections, Defendant's response thereto, and the relevant legal authorities, the Court agrees with the reasoning and findings of the Magistrate Judge in his Recommendation. Thus, the Recommendation is hereby **ADOPTED AND MADE THE**

---

[1] The Court construes Plaintiff's Motion to Compel Photocopying as a motion for a preliminary injunction or TRO.

1

**ORDER OF THE COURT**. Accordingly, Plaintiff's Motions for Preliminary Injunctions/TROs [Docs. 3, 4, & 8] are hereby DENIED, but, as explained below, the Court **DIRECTS Defendants** to provide Plaintiff with ten (10) additional sheets of paper per week so that Plaintiff receives thirty (30) sheets of paper per week.

## BACKGROUND

Plaintiff filed his Complaint raising a number of claims arising out of his confinement in the Special Management Unit ("SMU") at Georgia Diagnostic and Classification Prison ("GD&CP"). Plaintiff claims he was placed in SMU upon his arrival at GD&CP solely in retaliation for filing lawsuits during a prior period of incarceration.

In addition to the suit before this Court, Plaintiff apparently has multiple lawsuits currently pending in both federal and state courts, including a habeas action in the Northern District of Georgia; a petition for writ of certiorari to the United States Supreme Court from the Eleventh Circuit's denial of a certificate of appealability; a state habeas petition in the Superior Court of Cobb County regarding his 1996 conviction; and his 2010 criminal case in Cobb County Superior Court. Because Plaintiff has all of these cases pending, he filed the current Motions for Preliminary Injunction claiming Defendants have unlawfully denied his right to access the courts. Specifically, Plaintiff seeks an order from this Court directing Defendants to provide him with either access

to a law library, Lexis or Westlaw, or legal materials, and access to a photocopier. Moreover, in his Objections, Plaintiff states that the twenty (20) sheets of paper Defendants currently provide him each week are insufficient to litigate his cases and requests Defendants provide him more paper.

The Court agrees with the Recommendation that Plaintiff fails to establish both the merits of his claim that Defendants have unconstitutionally denied access to the courts and the prospect of his suffering irreparable injury; therefore his Motions for Preliminary Injunction must be denied at this time.  Despite Plaintiff's objections otherwise, his filings dispel his claims that he has suffered irreparable injury from Defendants' alleged denial of his access to legal research materials.  Moreover, Plaintiff has failed to establish that he has suffered any actual injury in order to receive relief 1983 based on the denial of copying privileges.[2]  Plaintiff has not shown that any presentation of his case has been impeded because of Defendant's actions.[3] Moreover, it appears Plaintiff is seeking unlimited free copies in pursuit of his legal relief.  Inmates do not generally have a constitutional right to free photocopies.[4]

The Court, however, points out to Defendants that there are circumstances

---

[2] *See Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998); *see also Wanninger v. Davenport*, 697 F.2d 992, 992 (11th Cir. 1983) (to bring an access-to-courts claim, plaintiff must allege "actual injury in the pursuant of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement.").

[3] *Wilson*, 163 F.3d at 1290-91 (citing *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

[4] *See Wanniger*, 697 F.2d at 992 ("prisoner's right of access to the courts does not include the right of free unlimited access to a photocopying machine.").

whereby Defendants might be required to provide photocopying services to Plaintiff in order to preserve his access to the courts.[5] "[W]hen numerous copies of often lengthy complaints or briefs are required, it is needlessly draconian to force an inmate to hand copy such materials when a photocopying machine is available and the inmate is able and willing to compensate the state for its use.  Allowing inmates to pay for and receive photocopies of the legal materials required by the courts is part of the 'meaningful access' to courts that inmates are constitutionally entitled to."[6]  Defendants must provide Plaintiff reasonable accommodations to ensure he has meaningful access to the courts, and if Plaintiff establishes he is able to pay for photocopies of lengthy legal documents, Defendant must provide him with such services.[7]

In his Objections, Plaintiff states that without photocopying services, the twenty (20) sheets of paper Defendants provide him per week are insufficient to litigate his cases.  Due to the number of cases Plaintiff is currently litigating, the Court orders Defendants to provide Plaintiff with thirty (30) sheets of paper per week.  In granting Plaintiff these additional resources, the Court expects Plaintiff to use the additional sheets of paper judiciously and refrain from submitting redundant or otherwise

---

[5] *Id.* at 993, n.1.

[6] *Id.* (quoting *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981)).

[7] *See Daker v. Ferrero*, Case. No. 1:03-cv-02481-RWS, N.D. Ga. Nov. 24, 2004 [Doc. 39] (Order granting plaintiff's motion to compel copies and ordering defendants "to provide photocopies to Plaintiff of all material to be submitted to the Court in this litigation so as to permit for filing and service, as well as the retention of one copy by Plaintiff for his records. Plaintiff's account may be debited or 'frozen' at the rate of ten cents per page for any photocopies made pursuant to this Order.")

frivolous motions and other filings to the courts.

## CONCLUSION

For the reasons set forth above, the Recommendation is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**. Accordingly, Plaintiff's Motions for Preliminary Injunctions/TROs [Docs. 3, 4, & 8] are hereby DENIED, but **Defendants are DIRECTED** to provide Plaintiff with ten (10) additional sheets of paper per week so that Plaintiff receives thirty (30) sheets of paper per week.

**SO ORDERED**, this 28th day of June, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH