IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:12-CV-459 (CAR) |
| | : | |
| BRIAN OWENS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO VACATE OR AMEND

Before the Court is *pro se* Plaintiff Waseem Daker's Motion to Vacate or Amend 6/28/13 Order [Doc. 80] pursuant to Federal Rule of Civil Procedure 59(e). In the Motion, Plaintiff requests this Court reconsider and vacate its Order [Doc. 69] adopting the Report and Recommendation of the United States Magistrate Judge [Doc. 14] to deny Plaintiff's three Motions for Preliminary Injunctions [Docs. 3,4, &8]. Because Plaintiff fails to provide proper grounds for the Court to vacate or amend judgment, his Motion [Doc. 80] is hereby **DENIED**.

In Plaintiff's Rule 59(e) Motion, he seeks to have this Court reconsider its previous Order due to the discovery new evidence, to correct clear error, to prevent manifest injustice, and to consider facts and pleadings which Plaintiff claims this Court failed to

originally consider.  Although Plaintiff's *pro se* filings must be generously construed,[1] his Rule 59(e) Motion cannot "serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."[2]  Rather, a motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[3]  Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly.[4]  Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.[5]

In his Motion, Plaintiff merely re-asserts the same arguments and evidence this Court previously considered in its original ruling.  Plaintiff's allegations of newly-discovered, the need to correct clear error of law, and the need to prevent manifest injustice

---

[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[2] *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (internal quotation and citations omitted).
[3] *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).
[4] *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).
[5] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

are merely conclusory statements.  Plaintiff's Motion is without merit, and reconsideration of the Court's previous Order would be inappropriate.

## CONCLUSION

In accordance with the foregoing, Plaintiff's Motion to Vacate or Amend Judgment [Doc. 80] is hereby **DENIED**.

**SO ORDERED,** this 16th day of January, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

SSH