**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| WASEEM DAKER, | : |
| | : |
| Plaintiff, | : |
| | :   NO. 5:12-CV-459-CAR-MSH |
| v. | :   42 U.S.C. § 1983 |
| | : |
| COMMISSIONER BRIAN OWENS, *et al.* | : |
| | : |
| Defendants | : |

_____

### **REPORT AND RECOMMENDATION**

Plaintiff Waseem Daker, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (ECF No. 1). Currently pending before the Court is Defendants' Motion to Dismiss.[1] (ECF No. 49.) Additionally, Plaintiff currently has pending a number of miscellaneous motions including multiple motions for temporary restraining orders (ECF Nos. 25, 28, 29, 47, 56, 89, 100).[2]

---

[1] Defendants' motion to file excess pages (ECF No. 42.) is granted because the Court considered the entire brief in making this recommendation. Defendants have two other motions pending, a motion to stay proceedings (ECF No. 50) and a motion for a protective order to be relieved of the need to respond to all of Plaintiff's filings (ECF No. 68). Because the Court recommends granting Defendants' motion to dismiss, these motions should be denied as moot.

[2] As of the date of this recommendation, Plaintiff has also filed the following motions which are pending before this Court: four motions to amend the complaint (ECF Nos. 24, 46, 61, 88); three motions for subpoenas (ECF No. 48, 57, 101); a motion to stay time to respond to Plaintiff's motion to dismiss (ECF No. 59); two motions for extensions of time to file replies (ECF No. 73, 74); a motion for sanctions (ECF No. 109); and three motions for partial summary judgment (ECF Nos. 117, 118, 119). As discussed below, the Court recommends these motions be denied as moot. Plaintiff also moved to vacate (ECF No. 80) the court's previous Order (ECF

This Court filed a Report and Recommendation ("R&R") (ECF No. 93) on October 7, 2013 recommending Defendants' motion to dismiss be granted because Plaintiff has amassed three strikes under the Prisoner Litigation Reform Act ("PLRA"). Upon objection by Plaintiff, the R&R was rejected by the district judge on January 13, 2014 (ECF No. 111) on the grounds that two of the "strikes" listed in the R&R did not meet the criteria and could not be counted. On January 15, 2014, the Court ordered supplemental briefs by the parties on the issue of strikes. (ECF No. 112.) Defendants filed a Response on January 23, 2014 (ECF No. 115), and the Court ordered Plaintiff to reply within twenty-one days (ECF No. 116). Plaintiff has failed to respond to that Order, and the motions are now ripe for review. For the following reasons, it is recommended that Plaintiff's motions for temporary restraining orders (TRO) be denied, Defendants' motion to dismiss be granted, and the remaining pending motions be denied as moot.

## BACKGROUND

Plaintiff filed his complaint on November 20, 2012, asserting numerous claims regarding his placement in the Special Management Unit ("SMU") at GD&CP. After preliminary review of his Complaint, the Court found that Plaintiff's allegations may have been sufficient to show colorable First Amendment, Due Process, and RLUIPA claims against the various defendants. (ECF No. 14.) Specifically, Plaintiff contends in

---

No. 69) on his earlier motions for TROs and motion to compel. That motion was denied on January 16, 2014 (ECF No. 113), and Plaintiff has filed a Notice of Appeal (ECF No. 116) regarding the denial of that motion. Plaintiff had also filed two supplemental motions to that motion to vacate (ECF Nos. 87, 102), which are hereby denied as moot.

his initial complaint that the Defendants are holding him in SMU in retaliation for his filing of lawsuits during a prior period of incarceration and to prevent Plaintiff from suing GD&CP defendants. Furthermore, he alleges that he has been denied access to a law library, the ability to participate in religious services, visitation rights, and access to a phone. He further alleges that Defendants Commissioner Owens and "John Doe" Director of Legal Office at Georgia Department of Corrections ("GDOC") have refused to take action to prevent these violations of his rights, and have frozen his prison account to collect an alleged debt from a prior incarceration. (ECF No. 1.)

Plaintiff has since filed multiple motions to amend which add numerous other defendants, reassert his previous claims, and assert new claims of retaliation for filing this lawsuit and other violations of his constitutional rights. (ECF Nos. 24, 46, 61, 88.) Plaintiff has also filed several more motions for preliminary injunction or TRO since the Court's order on the earlier TRO motions. (ECF No. 69.)[3] These preliminary motions request the court to compel Defendants to: relocate Plaintiff to another housing unit and to allow Plaintiff outside recreation time (ECF No. 25); "cease and undo their conduct retaliating against Plaintiff for filing this lawsuit" (ECF No. 28); allow him access to certain religious services that he is allegedly being deprived of (ECF No. 29); give notice of any denials of mail or publications (ECF Nos. 47, 56); and provide dental treatment (ECF No. 89), among other requests.

---

[3] Plaintiff's earlier TRO motions (ECF Nos. 3, 4, & 8) sought an order directing Defendants to provide him with either access to a law library, Lexis or Westlaw, or legal materials, and access to a photocopier.

Defendants have now moved to dismiss the complaint on a number of threshold grounds. These include the accrual of three strikes under the Prison Litigation Reform Act (PLRA), abuse of judicial process, Plaintiff's failure to exhaust his administrative remedies, and failure to state a claim, amongst other substantive arguments. (Defs.' Br. in Supp. of Mot. to Dismiss, ECF No. 49-1.)[4] Defendants supplemented the record following this Court's Order and have pointed to further filings by Plaintiff that Defendants contend are strikes under the PLRA, and additionally contend that Plaintiff's IFP status should be vacated because new facts have come to light since that status was granted which now show that Plaintiff is not qualified for IFP status. (Defs.' Resp. to Court Order 3-7, ECF No. 115.)[5] The Court finds both of Defendants' supplemental arguments persuasive and recommends granting the motion to dismiss or, alternatively, vacating Plaintiff's IFP status and requiring him to pay the full filing fee immediately.

## DISCUSSION

### I. Preliminary Motions

Plaintiff requests the Court grant him a number of TRO to enjoin various actions by Defendants and others related to his confinement. The Court finds Plaintiff's grounds for TRO in these motions to be substantially similar to the earlier motions, and equally meritless. Therefore, for the reasons stated in its Report and Recommendation dated March 28, 2013, (ECF No. 14), and adopted as the Order of the Court on June 28, 2013,

---

[4]   Hereinafter "Defs.' Br."
[5]   Hereinafter "Defs.' Resp."

(ECF No. 69), the Court recommends that Plaintiff's subsequent motions for TRO (ECF Nos. 25, 28, 29, 47, 56, 89, 100) should also be denied.

## II.     Motion to Dismiss

### A.     Three Strikes Provision

Defendants first argue that Plaintiff has amassed at least three strikes under the PLRA, and therefore is not entitled to *in forma pauperis* (IFP) status. (Defs.' Br. 5; Defs.' Resp. 3.)  Because of this, Defendants contend, Plaintiff's Complaint should be dismissed without prejudice for failure to pay the filing fee at the time of filing.  The Court agrees, and therefore does not address Defendants' other contentions.

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more actions or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim, is barred from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury."[6]   This is referred to as the "three strikes provision" of the PLRA. *See Allen v. Clark*, 266 F. App'x 815, 816 (11th Cir. 2008) (IFP status is denied to a prisoner "who has initiated at least three prior prison-generated lawsuits or appeals . . . that were dismissed as frivolous, malicious or failing to state a claim.").

In the January 13, 2014 Order, the district judge found that two of the strikes counted in the R&R against Plaintiff could not be considered strikes, but that two

---

[6]     28 U.S.C. § 1915(g) states in full:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

dismissals did count as strikes. (Order 2, Jan. 13, 2014, ECF No. 111.) In light of the new filings by Defendants, the Court readdresses Defendants' contention that Plaintiff has amassed three or more strikes. The following are all of the cases or appeals cited by Defendants as potential strikes along with the bases therefor:

1. *Daker v. Barrett*, No. 03-13771 (11th Cir. 2004). This appeal was taken to the Eleventh Circuit from *Daker v. Barrett*, No. 1:00-cv-1065-RWS (N.D. Ga. 2000). Plaintiff appealed a judgment in this 42 U.S.C. § 1983 action. The appeal was dismissed for want of prosecution because Plaintiff failed to file a brief within the time fixed by the rules. (Defs.' Br. 8-9; Defs.' Mot. to Dismiss Ex. B-2, ECF No. 49-5.)

2. *State of Georgia v. Waseem Daker*, No. 12-12519 (11th Cir. 2012). Plaintiff attempted to remove his state court criminal proceedings to federal court in *State of Georgia v. Waseem Daker*, 1:12-cv-00572-RWS (N.D. Ga. 2012). This appeal was taken after the district court remanded the proceedings back to state court. The Eleventh Circuit construed his filing as a motion to proceed IFP on appeal, and denied the motion after finding his appeal frivolous. The court then dismissed the appeal for want of prosecution when Plaintiff failed to pay the filing fee. (Defs.' Br. 9; Defs.' Mot. to Dismiss Ex. D.)

3. *In re: Waseem Daker*, No. 12-12072 (11th Cir. 2012). This was a petition for writ of mandamus requesting the Eleventh Circuit to, *inter alia*, order the district judge to rule on Plaintiff's recusal motion in *Daker v. Warren*, 1:10-cv-03815-RWS (N.D. Ga. 2010). After the court found the petition frivolous and denied Plaintiff's motion to appeal IFP, Plaintiff failed to pay the filing fee. The petition was then dismissed for want of prosecution. (Defs.'Resp. 3; Defs.' Resp. Ex. A.)

4. *In re: Waseem Daker*, No. 12-12073 (11th Cir. 2012). This was a petition for writ of mandamus requesting the Eleventh Circuit to, *inter alia*, order the district judge and magistrate to recuse themselves from *Daker v. Warren*, 1:11-cv-01711-RWS-ECS (N.D. Ga. 2011). After the court found the petition frivolous and denied Plaintiff's motion to appeal IFP, Plaintiff failed to pay the

filing fee. The petition was then dismissed for want of prosecution. (Defs.' Resp. 3; Defs.' Resp. Ex. B.)

5. *Daker v. Ray*, No. 01-14624 (11th Cir. 2002). Plaintiff appealed the district court's order denying a number of motions in *Daker v. Ray*, No. 1:99-cv-2228-RWS (N.D. Ga. 1999). After the district court granted Plaintiff's motion to appeal IFP, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Defs.' Resp. 3-4; Defs.' Resp. Ex. C.)

6. *Daker v. Tremble*, No. 05-11696 (11th Cir. 2005). Plaintiff attempted to intervene in *Aziyz v. Tremble*, No. 5:03-cv-412-HL (M.D. Ga. 2005). The magistrate judge denied his motion to intervene as well as his motion for reconsideration, and Plaintiff appealed both denials. The Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction because the magistrate judge's order was not final and appealable. (Defs.' Resp. 4; Defs.' Resp. Ex D.)

Appeal Nos. 03-13771 and 12-12519 were already deemed strikes by the district judge over objection from Plaintiff. (*See* Order 2, Jan. 13, 2014.) Now, Defendants show the court four more potential strikes. The basis for counting Appeal Nos. 12-12072 and 12-12073 is the same argument as Appeal No. 12-12519. In each of those situations the Eleventh Circuit considered a motion from Plaintiff to appeal IFP. In doing so, the court conducted a frivolity review of Plaintiff's appeal and found that each appeal was frivolous and that he was not entitled to IFP status. (Defs.' Mot. to Dismiss Ex. D at 6, ECF No. 49-7; Defs.' Resp. Ex A at 6, ECF No. 115-1; Defs.' Resp. Ex. B at 5, ECF No. 115-2.) Then in all three cases Plaintiff failed to pay the filing fee and his petition or appeal was dismissed for want of prosecution.

In *Allen v. Clark*, 266 F. App'x 815 (11th Cir. 2008), the Eleventh Circuit found a strike where the plaintiff's action was dismissed for failure to prosecute. 266 F. App'x at

7

816. The dismissal in *Allen* came after the district court found that Plaintiff made a frivolous response to a show cause order why his action should not be dismissed for failure to prosecute. *Id*. Therefore, there was an element of frivolity involved in the reasoning behind the dismissal, and the Eleventh Circuit specifically pointed to that fact. The same is true here. In each of these actions, the Eleventh Circuit specifically found that the petition or appeal brought by Plaintiff was frivolous. (Defs.' Mot. to Dismiss Ex. D at 6; Defs.' Resp. Ex A at 6; Defs.' Resp. Ex. B at 5.) Each of the Orders entered by the court reviewed the merits of the actions presented. *See Id*. The only reason the court did not immediately dismiss the appeals was that these findings were made for the purposes of determining Plaintiff's eligibility for IFP status, and after finding him ineligible, Plaintiff was entitled to an opportunity to pay the filing and docketing fees. Once the time for payment elapsed, Plaintiffs actions were dismissed based on those Orders. Therefore, the Court finds that these dismissals constitute strikes for the purposes of § 1915(g).

The court dismissed Appeal No. 05-11696 for lack of jurisdiction, because "[t]he magistrate judge's . . . order is not final and appealable." (Defs.' Resp. Ex. D at 1.) The district court docket for the underlying case in which Appeal No. 01-14624 was taken shows that the Eleventh Circuit dismissed the appeal "for lack of jurisdiction." (Defs.' Resp. Ex. C at 3.)[7] These dismissals thus appear to "meet[ ] the criteria of [] *Neitzke v.*

---

[7]   In evaluating whether Plaintiff has three strikes, the Court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed.

8

*Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.'" *Vale v. Florida Parole Com'n,* 2011 WL 6151536, * 1 (N.D. Fla. Oct. 11, 2011) (citations omitted). "Such a dismissal should count as a "strike" under 28 U.S.C. § 1915(g)." *Id.; see also, e.g., Knapp v. Tilton,* 2008 WL 1995053 * 2 (N.D. Cal. May 7, 2008) (counting dismissal of appeal because the order challenged in the appeal was not final or appealable as a strike under § 1915(g)). *But see Haury v. Lemmon,* 656 F.3d 521, 523 (7th Cir.2011) (holding that dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g) when the assertion of jurisdiction is not itself found to be frivolous); *Thompson,* 492 F.3d at 440 ("Dismissals for lack of jurisdiction do not count as strikes unless the court expressly states that the action or appeal was frivolous or malicious.")

The Court therefore finds that Appeal Nos. 03-13771, 12-12519, 12-12072, 12-12073, 05-11696, and 01-14624 are all strikes against Plaintiff. Based on the foregoing, the Court finds that Plaintiff has exceeded the three strikes allowed by § 1915(g). Having so found, the Court now turns to Defendants' argument that Plaintiff's claim should be dismissed for failure to pay the filing fee at the commencement of the action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that an inmate must "pay the filing fee at the time he *initiates* the suit") (emphasis in original). In *Dupree*, the Eleventh Circuit explained that the proper procedure for a court to follow when it later

---

Appx. 800, 802 (11th Cir. 2010). The pleadings and orders in Plaintiff's previous cases are public court records that are not subject to dispute.

9

becomes apparent that a plaintiff is not entitled to IFP status due to the three strikes provision is to dismiss the complaint without prejudice. 284 F.3d at 1236. Thus, Plaintiff's Complaint shall be dismissed unless he falls within the imminent danger exception to 28 U.S.C. § 1915(g).

### B. Imminent Danger Exception

Title 28, United States Code section 1915(g) provides that a prisoner cannot proceed IFP in an action if he has acquired three strikes "unless the prisoner is under imminent danger of serious physical injury." To qualify for the "imminent danger" exception to the three strikes rule, Plaintiff must make "'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must be present at the time the complaint is filed, not merely at a prior time. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); see also *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (imminent danger present where a "genuine emergency" exists and "time is pressing").

Plaintiff has not alleged that he is in imminent danger of any serious physical injury. This exception therefore does not apply to Plaintiff and his Complaint should be dismissed without prejudice.

### C. IFP Status

Defendants alternatively argue that Plaintiff's IFP status should be vacated because "the facts relied upon by the Court for the purposes of determining Plaintiff's

10

IFP status are now different from those presented when Plaintiff was granted" that status. (Defs.' Resp. 7.)

The IFP statute explicitly states that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).  At the initiation of this suit, Plaintiff requested leave to proceed IFP and filed an affidavit purporting to show that he was unable to pay the filing fee under § 1915(a).  (*See* Mot. & Aff. for Leave to Proceed IFP, ECF No. 2.)  In it, Plaintiff stated that he had no cash on hand but owned a home for which he paid $395,000 in 2009 and on which he obtained a mortgage of about $345,000.  *Id*. at 2.  He further stated that the house "lost value" since the purchase.  *Id*.  Although Plaintiff notes that he has "been unable to make [his] mortgage payments," he does not aver that the house is in foreclosure, and in fact implies otherwise because he states that his father, mother, and brother live in the house.  *Id*.

Defendants now show the Court new information that calls into question the veracity of that affidavit.  On October 31, 2013 the magistrate judge of the District Court for the Northern District of Georgia recommended denial of Plaintiff's motion to proceed IFP in another case after questioning the veracity of the claims in his IFP affidavit there, including his claim of attorney's fees debt because he represented himself at his murder trial.  (Defs.' Resp. Ex. E at 2, ECF No. 115-5.)  Plaintiff objected to that recommendation solely on the grounds that other courts had previously granted IFP status on the same facts and that the payment deadline was unrealistic.  (Defs.' Resp. Ex. G at 1-2, ECF No. 115-7.)  Defendants also filed a current valuation of Plaintiff's home which

11

shows that it has appreciated in value such that the equity that Plaintiff has in his home likely far exceeds his debts. (*See* Defs.' Resp. Ex. H, ECF No. 115-8.) Plaintiff has not responded to any of Defendants' contentions in their Response to this Court's January 15, 2014 Order.

Given the new information, the Court finds that Plaintiff is no longer entitled to proceed in this action *in forma pauperis*. This finding is made in the alternative to the finding in Part II-A regarding Plaintiff's accrual of three strikes under § 1915(g). Therefore, even if the Plaintiff has not accrued three strikes, it is recommended that his IFP status be vacated and that Plaintiff be ordered to remit the full filing fee or his Complaint should be dismissed without prejudice.

### III. Miscellaneous Motions

Plaintiff currently has pending multiple other miscellaneous motions besides the TRO motions discussed in Part I. (ECF Nos. 24, 46, 48, 57, 59, 61, 73, 74, 87, 88, 101, 102, 109, 117, 118, 119.) Since the Court is recommending dismissal of Plaintiff's Complaint, these motions should be denied as moot.

### CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that Plaintiff's motions for preliminary injunctions and temporary restraining orders (ECF Nos. 25, 28, 29, 47, 56, 89, 100) be denied; Defendants' motion to file excess pages (ECF No. 42) and motion to dismiss (ECF No. 49) be granted; Defendants' motion to stay proceedings (ECF No. 50) and for a protective order (ECF No. 68) be denied as moot; and Plaintiff's miscellaneous motions (ECF Nos. 24, 46, 48, 57, 59, 61, 73, 74, 87, 88, 101, 102, 109,

117, 118, 119) be denied as moot. Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

      SO RECOMMENDED, this 25th day of February, 2014.

                              /s/ Stephen Hyles
                              UNITED STATES MAGISTRATE JUDGE