IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| WASEEM DAKER, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:12-cv-459 (CAR) |
| v. | : | |
| | : | |
| BRIAN OWENS, *et al.*, | : | |
| | : | |
| Defendants | : | |

### ORDER ON THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Report and Recommendation of the United States Magistrate Judge to dismiss this case without prejudice based on Plaintiff's accrual of three strikes under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Plaintiff has not filed an objection. Instead, Plaintiff asserts that he cannot file an objection because Defendants have deprived him of access to the jail's law library and legal research materials.[1] Accordingly, Plaintiff requests that this Court issue a preliminary injunction compelling Defendants to provide him with access to legal resources and to extend the time to object to the Recommendation.

---

[1] Plaintiff also re-filed exact copies of a Motion for Reconsideration [Doc. 123] and a Motion to Stay [Doc. 124] that he previously filed that this Court denied in its Order on March 6, 2014 [Doc. 127]. These duplicate Motions [Docs. 128 & 129] are **DENIED** for the reasons set forth in the Court's previous Order [Doc. 127].

1

Having thoroughly considered Plaintiff's requests, the Court finds Plaintiff has failed to establish the requirements necessary to issue a preliminary injunction. Thus, his request to extend time to object to the Recommendation is moot. Moreover, the Court finds Plaintiff has had ample opportunity to address the substance of the Magistrate Judge's Recommendation. Additionally, any extension is unnecessary because this Court has conducted a *de novo* review of the Report and Recommendation and agrees with the findings and conclusions of the Magistrate Judge. Thus, as explained in detail below, Plaintiff's Motions are **DENIED** [Docs. 131 & 132]. The Report and Recommendation [Doc. 122] is **ADOPTED** and **MADE THE ORDER OF THE COURT,** and this case must be dismissed without prejudice because Plaintiff has accrued three strikes under the PLRA.

## DISCUSSION

Motion for Preliminary Injunction [Doc. 131]

Plaintiff asserts that Defendants continue to deprive him of access to legal resources and moves this Court to enter a preliminary injunction requiring them to provide him with such. For the Court to grant a preliminary injunction, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits of his claim; (2) substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the damage to the opposing party; and (4) that

2

granting the injunction would not be adverse to the public interest.[2]  "[T]he preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites."[3]  The decision to grant or deny injunctive relief is within the sound discretion of the trial court.[4]

Here, Plaintiff has failed to carry his burden.  The Court acknowledges that prisoners have a constitutional right under the Fourteenth Amendment to meaningful access to legal materials and to courts.[5]  Moreover, under certain circumstances, states have an affirmative obligation to ensure that indigent prisoners have a fair opportunity to present their legal claims by assisting inmates in the preparation of various legal papers and providing them with adequate law libraries or other assistance.[6]  However, in order to prevail, "prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'"[7]  In order to show actual injury, a prisoner must show that "prison officials' actions that allegedly violate an inmate's right of access to the courts [] have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action.  To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas

---

[2] *Four Seasons Hotels & Resorts v. Consorcio Barr*, 320 F.3d 1205, 1210 (11th Cir. 2003).
[3] *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1518 (11th Cir. 1983) (internal quotation marks and citation omitted).
[4] *Café 207 v. St. Johns Cnty.*,  989 F.2d 1136, 1137 (11th Cir. 1993).
[5] *Bounds v. Smith*, 430 U.S. 817, 828 (1977).
[6] *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).
[7] *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

petition, or civil rights case that results from actions of prison officials."[8]

Plaintiff fails to provide any evidence that the alleged deprivation of legal resources has resulted in actual injury. He has shown no denial or dismissal of a direct appeal, habeas petition, or civil rights case resulting from the alleged lack of legal resources. Plaintiff simply states that he lacks access to legal research materials; he provides no facts regarding his current access to legal materials, however limited it may be. Thus, Plaintiff's request for a preliminary injunction is denied.

Motion for Extension of Time to File Objections [Doc. 132]

As thoroughly explained in its previous Order [Doc. 127], Plaintiff had ample notice of the alleged strikes and ample opportunity to respond. Plaintiff's conclusory assertion that he cannot file an objection because he lacks adequate access to legal research is not a sufficient reason to warrant an extension of time and delay the resolution of this case any further. Moreover, because this Court has conducted a *de novo* review of the Report and Recommendation, an extension is unnecessary. Thus, Plaintiff's request for an extension of time to object is denied.

Report and Recommendation

The United States Magistrate Judge recommends this case be dismissed without prejudice based on Plaintiff's accrual of three strikes under the PLRA. The Court has

---

[8] *Id.* at 1290-91.

considered and analyzed each of the identified "strikes," and agrees that Plaintiff has exceeded the three strikes allowed by § 1915(g). Because there is no evidence that Plaintiff is in imminent danger of any serious physical injury, his Complaint should be dismissed without prejudice for failure to pay the filing fee.[9]

## CONCLUSION

Based on the foregoing, the Report and Recommendation [Doc. 122] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motion for Reconsideration [Doc. 128] and Motion to Stay [Doc. 129] are **DENIED** as duplicative of previous motions this Court has ruled upon. Plaintiff's Motions for Preliminary Injunctions and Temporary Restraining Orders [Docs. 25, 28, 29, 47, 56, 89, 100, 131] are **DENIED**. Plaintiff's Motion to Extend Time to Object to the Recommendation [Doc. 132] is **DENIED AS MOOT.** Defendant's Motion to File Excess Pages [Doc. 42] and Motion to Dismiss [Doc. 49] are **GRANTED**. Defendant's Motions to Stay Proceedings [Doc. 50] and for a Protective Order [Doc. 68] are **DENIED AS MOOT**. Plaintiff's remaining Motions [Docs. 24, 46, 48, 57, 59, 61, 73, 74, 87, 88, 101, 102, 109, 117, 118, 119] are **DENIED AS MOOT**. The instant action is hereby **DISMISSED without prejudice**.

---

[9] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (explaining that a court must dismiss a complaint without prejudice when it later becomes apparent a plaintiff is not entitled to IFP status).

**SO ORDERED**, this 21st day of March, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/bbp